UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cheryl Rak,

    Plaintiff,

v.                                           Case No. 12-13801

Saxon Mortgage Services, Inc., et. al.,       Honorable Sean F. Cox
                                                       Magistrate Judge David R. Grand

    Defendants.
_____/

**ORDER
ADOPTING IN PART AND REJECTING IN PART THE JANUARY 9, 2014 REPORT &
RECOMMENDATION**

This is a mortgage loan modification case. Plaintiff Cheryl Rak ("Plaintiff") alleges that Defendant Saxon Mortgage Services, Inc. ("SMSI") violated the Real Estate Settlement Procedures Act ("RESPA")[1] by failing to properly respond to her "qualified written requests" ("QWR") for information, and by failing to provide Plaintiff with required disclosures. Plaintiff also alleges that SMSI violated the Fair Credit Reporting Act ("FCRA") by reporting false and derogatory information to consumer reporting agencies, and by failing to put in place proper procedures to reinvestigate credit reports.

On August 16, 2013, Defendant SMSI filed a Motion for Summary Judgment. (Doc. #29). This Court referred the motion to Magistrate Judge David R. Grand for Report and Recommendation. (Doc. #32). In its motion, SMSI argues that summary judgment in its favor on the RESPA claim is proper because SMSI responded appropriately to all of Plaintiff's inquiries.

---

[1] 12 U.S.C. § 2601 *et. seq.*

1

(Def.'s Mo. at 1). As to Plaintiff's FCRA claim, SMSI argues that it is entitled to summary judgment because it "responded to Plaintiff's reinvestigation request to credit reporting agencies" and, therefore, complied with the statute. (Def.'s Mo. at 1). Defendant argues further that, even if SMSI violated its duties under either statute, Plaintiff suffered no actual damages as a result.

On January 9, 2014, Magistrate Judge Grand issued a Report and Recommendation ("R&R") suggesting that this Court grant in part and deny in part Defendant's motion. Plaintiff, in her response brief, agreed to dismiss her FCRA claim, which left only the RESPA claim for analysis. (Pl.'s Resp., Doc. #37 at p. 4).

On the RESPA claim, Magistrate Judge Grand found that there were no genuine issues of material fact as to whether SMSI complied with RESPA as to the June 2011 and January 2012 QWR letters it received from Plaintiff. (Jan. 9, 2014 R&R at p. 10). Magistrate Judge Grand recommended, however, that this Court find that a genuine issue of material fact exists as to whether SMSI violated RESPA in regards to Plaintiff's April 17, 2012 written request. (Jan. 9, 2014 R&R at p. 16-17).

On the issue of damages, Magistrate Judge Grand found a genuine issue of material fact as to whether Defendant's RESPA violation caused Plaintiff to suffer economic and non-economic damages. (Jan. 9, 2014 R&R at p. 22).

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject or modify the recommended disposition; receive further evidence;

2

or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Defendant SMSI filed objections to the January 9, 2014 R&R. (Doc. #48). This Court ordered Plaintiff to show cause why Defendant's objections should not be granted. (Doc. #50). Plaintiff filed responses to Defendant's objections on March 3, 2014. (Doc. #53).

**Defendant's Objection One**

Defendant SMSI first objects to Magistrate Judge Grand's finding that there is a genuine issue of material fact regarding actual economic damages. Defendant argues that Magistrate Judge Grand erred because 1) there is no evidence that Plaintiff incurred financial losses due to Defendant's misapplication of Plaintiff's December 2009 mortgage payment; 2) there is an insufficient causal nexus between Plaintiff's actual damages and Defendant's statutory violation regarding Plaintiff's April 17, 2012 QWR letter; and 3) the Magistrate Judge did not hold Plaintiff to her burden of proof, which requires her to show proof of actual damages as a prerequisite to Defendant's RESPA liability. (Obj. at 2-6).

Plaintiff responds that the Magistrate Judge did not err because Defendant's "failure to account for payments that the Plaintiff made but for which seh was given no credit had quantitative, economic consequences adverse to the Plaintiff" and that "when Saxon transferred the loan to its servicing assignee, Ocwen . . . the loan balance as higher than it should have been." (Doc. #53 at 2).

The Court agrees with SMSI that the Magistrate Judge erred in finding a question of fact regarding actual economic damages. In her response brief, Plaintiff argued that she was entitled to actual economic damages in the amount of $809.09 due to Defendant's "lost" mortgage payment. (Pl.'s Resp. at 15). Magistrate Judge Grand correctly determined that Plaintiff cannot recover this

3

amount because SMSI properly accounted for that amount. (Mo. Exs. R, S). Yet, Magistrate Judge Grand found that there is a genuine issue of material fact regarding Plaintiff's December 2009 payment in the amount of $96.73, and whether Defendant's "failure to properly respond to [Plaintiff's] April 2012 QWR regarding the application of the December 2009 payment caused her to suffer actual economic damage." (Jan. 9, 2014 R&R at 17).

Plaintiff, as the non-moving party, was required to point to specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). Plaintiff has not pointed to any proof or evidence that she suffered economic damages; instead, Plaintiff rests on the mere assertion that if Defendant misapplied a payment, then she is necessarily liable for more interest than what should have accrued. This unsupported assumption is not a reasonable inference from the evidence on record. Thus, Plaintiff may not proceed at trial for actual economic damages and Defendant's Motion for Summary Judgment on that issue is GRANTED.

**Defendant's Objection Two**

Defendant SMSI objects to Magistrate Judge Grand's finding that a genuine issue of material fact exists as to whether Plaintiff suffered actual non-economic damages due to Defendant's RESPA violation. Defendant argues that Plaintiff's affidavit is insufficient to show that she suffered "demonstrable emotional distress." (Obj. at 7). Plaintiff testified in her affidavit that:

> When Saxon and Ocwen repeatedly ignored my written requests for correction or explanation, I was extremely frustrated and terrified that I could lose my home when I followed all the rules and made all the payments on time.
>
> I am still emotionally drained from having to deal with Saxon and Ocwen failing to sit down with my letters, look at the explanation and respond. I am still terrified of the very real threat of losing my home; this is, in part, directly related to Defendants' unwillingness to look at the situation I set forth in my letters and respond with explanation and correction.

(Pl.'s Aff., attached to Response at Ex. Y, ¶¶ 18-20).

This objection is without merit.  The Court agrees that Plaintiff's deposition testimony is sufficient to raise a question of fact regarding the existence of non-economic damages.  Further, the Court agrees that the case of *Houston v. US Bank Mortgage Wisconsin Servs.*, 505 Fed. App'x 543 (6th Cir. 2012) supports its finding here.  Moreover, the Court concurs with Magistrate Judge Grand's statement that "the Court does not find it at all a stretch that the circumstances Rak faced – being advised by a new servicer . . . that she had not made her mortgage payment in years, and then not having the matter promptly correct – would cause any borrower to suffer the type of non-economic damages she alleges." (Jan. 9, 2014 R&R at 22).  Thus, the Court overrules Defendant's second objection and DENIES Defendant's Motion for Summary Judgment on the issue of whether Plaintiff suffered actual non-economic damages.

**Defendant's Objection Three**

Finally, Defendant objects to the Magistrate Judge's inclusion of footnote 8 on page 19 of the R&R. (Obj. at 10).  Defendant argues that "the magistrate Judge discusses matters of contractual interpretation nto before it by reference, and refers to 'undisputed facts' that SMSI will dispute at trial of this matter and in the parallel contract action." (Obj. at 10).

The Court finds this objection to be moot.  Footnote 8 in the R&R pertains to a recommendation that this Court does not adopt.  (*See* Discussion fo Def.'s Obj. One, *supra*).  Thus, this Court does not adopt footnote 8 of the R&R.

### CONCLUSION & ORDER

For the reasons set forth above, the Court hereby ADOPTS IN PART and REJECTS IN PART Magistrate Judge Grand's January 9, 2014 Report and Recommendation (Doc. #46).  The

Court hereby ORDERS:

1) Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's RESPA claim is DISMISSED insofar as it relies on the June 2011 and January 2012 QWRs;

2) Defendant's Motion for Summary Judgment is GRANTED Plaintiff's claim for actual economic damages resulting from Defendant's alleged RESPA violation regarding the April 2012 QWR is DISMISSED;

3) Defendant's Motion for Summary Judgment is DENIED in all other respects.[2]

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 5, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

---

[2] Defendant moved for summary judgment on Plaintiff's FCRA claim, but prior to the issuance of this Opinion and Order, the Court entered the parties' Stipulated Order dismissing Count VII (FRCA) of Plaintiff's Complaint. (Doc. #52).